# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JASPER JERMAINE REED, | : |
| Petitioner, | : |
| | CIVIL ACTION NO. 21-0242-WS-MU |
| | : |
| vs. | CRIMINAL NO. 18-00092-WS |
| | : |
| UNITED STATES OF AMERICA, | |
| | : |
| Respondent. | |

## REPORT AND RECOMMENDATION

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Petitioner's failure to prosecute this action and comply with the Court's order dated May 19, 2021, which was entered on the docket on May 20, 2021 (Doc. 64).

Jasper Jermaine Reed filed an eleven-page handwritten motion to vacate in this Court on May 17, 2021. (Doc. 63, PageID. 216-26). The Magistrate Judge signed an Order on May 19, 2021, instructing Reed to file his motion to vacate on this Court's form for a § 2255 motion to vacate by not later than June 17, 2021. (Doc. 64, PageID. 233). Reed was informed that any failure "to comply with the [] instructions [to file his motion to vacate on the Court's § 2255 form] within the prescribed time set forth, as well as failure to advise the Court of any change in address, will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and comply with

the Court's order." (*Id.*, PageID. 234). To date, this Court has not received the ordered form pleading from Petitioner. (*See* Docket Sheet).

An action may be dismissed if a petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Petitioner has not responded to the Court's Order dated May 19, 2021, and entered on the docket on May 20, 2021, instructing him to file his § 2255 motion to vacate on this Court's form for a motion to vacate under § 2255. (*Compare* Docket Sheet *with* Doc. 64). Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Petitioner's habeas corpus action, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this the 1st day of July, 2021.

                                            s/P. Bradley Murray
                                     **UNITED STATES MAGISTRATE JUDGE**